IRVING WRIGHT, RESPONDENT, v. HARRIET E. ROBERTS, LEWIS ROBERTS, APPELLANTS, JOHN FOLEY AND OTHERS, RESPONDENTS.

*Mechanics' liens filed by a sub contractor under chap. 342 of 1885 — when the failure of the contractor to fully perform his contract will not relieve the owner from liability to the sub-contractor.*

Under the provisions of the mechanics' lien law, passed in 1835 (chap. 342 of 1885), an owner, upon whose land a building is being erected, pursuant to the terms of a contract made by such owner, is liable to a sub-contractor to the extent of "the price stipulated and agreed to be paid on such contract and remaining unpaid at the time of filing such lien."

There is no provision in the act which, directly or inferentially, requires the contract to be fully performed, as regards a lien for work and materials furnished and used by a contractor in the erection of the building, if it be shown that at the time the lien was filed a sum of money had been earned by the contractor, according to the agreed price, which exceeded all payments theretofore made by the owner in an amount sufficient to pay the claim for which the lien is filed

*Heckmann* v. *Pinkney* (81 N. Y., 211) followed.

APPEAL from a judgment in favor of the plaintiff entered in Westchester county upon the trial of this action by the court without a jury.

This action was brought to foreclose a mechanics' lien under the provisions of chapter 342 of 1885. The plaintiffs were sub-contractors. The original contract was entered into by the defendant Harriet E. Roberts, the owner of the land, through her husband, the defendant Lewis, with one Frank Lyons.

*Charles Henry Phelps,* for the appellants.

*J. S. Millard,* for the respondent.

BARNARD, P. J.:

Roberts agreed with one Lyons to sell him a lot of land on Highland avenue, Tarrytown. The price of the lot was to be $1,000, but before Roberts was to give a title a house was to be completed and paid for by installments, by Roberts, to the extent of $4,000. When done, Roberts was to either take a mortgage for $5,000 or find a person to take the same, and was to deduct $1,000 for the land and convey. Subsequently the parties made a new agreement, involving an exchange of lands to be made at once. Lyons was to complete the house on the same terms as to payment, was to do other work on other houses, and the entire payment was to be $14,000, to be made by Roberts to Lyons, from which was to be deducted the balance upon the exchange of lands, which was in favor of Roberts, as the prices were fixed between the parties. By a still subsequent agreement, Lyons gave up the right to purchase and was to complete the house on the original terms as to money payments. The present lienors did work and furnished materials on what is called the Paige house, being for and on account of work covered by the second agreement. Lyons went on under the three contracts until he and his partners failed. He did work upon the first and second contracts in excess of the difference between the exchange to the extent of $4,000, and $5,000 on the Paige house. The contract was not completed by Lyons, but the liens were filed in due time after they put these materials in his work. The appellant urges that the right to a lien did not exist when it was filed, because the contract was never finished. There have been many lien laws, with more or less varying provisions. Many decisions were made under them, and all are now repealed, and chapter 342, Laws of 1885, is a State law for the whole State. A lien is given when the owner builds directly, or by a contract, and when the structure is put on with "the consent of the owner" and upon the "lot, premises, parcel or farm" upon which the building is to stand or does stand. The act contains this clause at the end of section 1: "But in no case shall such owner be liable to pay, by reason of all the liens filed pursuant to this act, a greater sum than the price

stipulated and agreed to be paid on such contract, and remaining unpaid at the time of filing such lien, or, in case there is no contract, than the amount of the value of such labor and material then remaining unpaid, except as hereinafter provided."

In *Heckmann* v. *Pinkney* (81 N. Y , 211) the words of the lien law were that the total amount of the lien "must not exceed the amount which the owner would be otherwise liable to pay at the time of the filing of the claim." The court held that this clause was solely intended to limit the liability of the owner in the aggregate to the amount which he had contracted to pay, after deducting such payments as he had made before the filing of the lien. The present lien law limits the liability to the stipulated price of the contract and remaining unpaid at the filing of the lien. The evidence, as has been observed, shows that a sum of money had been earned according to the agreed price in excess of all payments to Lyons, and more than sufficient to pay the lienors.

There is no provision in the act which directly or inferentially requires the contract to be performed fully as against a lien for work and materials furnished by a contractor. If the plaintiff and the other lienors have put their property into the Paige house, and if at the agreed price, deducting all payments at the time of the lien, there is enough to pay them, the act of 1885 gives the lien.

The judgment should, therefore, be affirmed, with costs.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment affirmed, with costs.